

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | § | |
| | § | Criminal No. JFM-01-304 |
| v. | §<br>§ | Memorandum Of points & |
| | § | Authorities In Support<br>Of Section 3582(c)(2) |
| CHARLES BYERS, | § | Motion |
| Defendant. | § | |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR MODIFICATION OF SENTENCE PURSUANT
TO 18 U.S.C., SECTION 3582(c)(2)**

---

### STATEMENT OF FACTS

Defendant, Charles Byers, was indicted and charged with various complaints by the United states of America, which were presented to United States District Court Judge, the Honorable J. Frederick Motz, in the United States District Court For The District of Maryland.

On February 26th, 2003, Charles Byers did enter a plea to a single Count of Conspiracy To Possess With Intent To Distribute, and Possession With Intent to Distribute, **Cocaine Base (Crack) and other narcotic substances,** 21 U.S.C., §846.

On April 18th, 2003, Charles Byers was sentenced by the Honorable Judge Motz, to a term of imprisonment of 420 months and a special period of Supervised Release for Five Years.

Defendant was represented by Timothy J. Sullivan, Esq., 7305 Baltimore Avenue, Suite 301, College Park, Maryland, 20740. The United states was represented by John F. purcell, Esq., and Andrew G.W. Norman, Esq., the United States Probation Department, Eleanor Urban, Probation Officer.

Defendant, Charles Byers was thus sentenced to and in accordance with the United States Sentencing Guidelines, "U.S.S.G.", and specifically, Section 2D.1.1 of which has been amended to reflect the intention of the United States Sentencing commission and their imperical research conducted and concerning the sentencing of defendants for "Crack Cocaine Offenses," and which has specifically lowered defendant, Charles Byers's range of imprisonment.

ARGUMENT

The Sentencing Commission has amended the Drug Quantity Table in §2D1.1 of the United States Sentencing Guidelines so that crack cocaine quantities triggering the five and ten year mandatory minimums are assigned base offense levels two levels lower than before. The base offense levels for these quantities now correspond to Guideline ranges that include (rather than exceed) the mandatory minimum. [T]he [c]ommission has similarly **adjusted the [d]rug [t]hreshold quantities above, between, and below the mandatory minimum thresholds, with the result being that for crack offenses, [b]ase offense levels [across] the board**

[a]re two (2) levels lower than they would have been before the amendment.  See, 72 Fed. Reg. 28,558; 28, 571-73; U.S.S.G. App. C, Supp. Amend. 706; U.S.S.G., § 2D1.1 (2007).

The Commission also modified the mechanism for determining the base offense level in offenses involving crack and other controlled substances.  The mechanism is set forth in new subdivision (D) of Application Note 10.  Although this determination is a bit more complicated than for offenses involving crack only, it is not very different from the old method of determining the base offense level for combined substances, except that there **is now a special marijuana equivalency table for the quantity of crack involved, which is derived from the new ratios between crack** and marijuana quantities at each level.

As stated and stipulated to within his plea and conviction, defendant has been determined to have possessed 1.5 kilograms but less than 4.5 kilograms of crack cocaine which result netted him a base offense level of 38.  This level should, under the amended version of the Guidelines, be lowered in conformity with the changes and promulgation of the Sentencing Commission, by two (2) levels and subsequently reducing defendant sentence.

The adjusted base offense level should net a "crack to powder" ratio of 33:1 at a level of 36.  By recalibrating the crack cocaine quantity thresholds in this manner, the Commission has created a system in which the ratio of crack to powder cocaine varies wildly from one offense to the next.  Even worse, the ratio is

often more severe for low-level players than for big dealers.

As the guidelines are advisory, and that defendant is facing one of the more higher ratios, he must present to this Court, that the Court should not assign a ratio any [h]igher than the lowest ratio of the lot, which is 25 to 1.    Charles Byers asks this Court to make the independant assessment under 18 U.S.C., § 3553(a) and pursuant to the district court's duty under Booker, and Rita, 543 U.S. 220 (2005); 127 S.ct. 2465, 24 68 (2007) respectively, that an advisory Guideline range based on a higher ratio reflects "unsound judgment" on the part of the Commission and should not be followed.  See, Rita, supra, (district court may conclude that the guideline sentence fails to reflect § 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, and/or, that a different sentence is appropiate "regardless."  Id., at 2463.

(The presumtion is not binding, does not place any burden of persuation of proof on either party, and does not reflect greater deference to the Commission's factfinding than to that of the district court, but merely "reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the sentencing Commission will have reached the same conclision as to the proper sentence in the particular case," which is a "double determination"). See, Rita, supra, Gall, ___ U.S. ___, (2007), Kimbrough, 543 U.S. 220, (2007).

Defendant, in passim, also wishes to point out that these amend-

ments are intended as only "interim" and incomplete fixes to the problems associated with the 100:1 ratio, and as such, are not yet perfected. See, U.S.S.G. App. C, Supp. Amend., 706 (Reason for Amendment). Consistant therewith, Byers asks this Court to make the "independant assessment" under 18 U.S.C. § 3553(a) and pursuant to the district court's duty under Booker, and Rita, —— that it need not follow an advisory guideline range that is higher for a combination of crack and another, less severely punished drug than it would be for crack alone. See, Rita, supra, 127 S.Ct. at 2463, 2465, 2468.

Because Byers' pre — 2007 2D1.1 sentence reang has been lowered (Amendment 705) retroactively (§ 1B1.10), this Court in sentencing should both "reduce [his sentence by two (2) base offense levels] using § 3553(a) "factors" (18 U.S.C. §3582 (c)(2)) consistant with United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007).

<u>CONCLUSION</u>

WHEREFORE, Byers asks this court to GRANT this motion in all aspects as all premises considered, defendant prays that it be so done.

Dated:    This 26 day of April, 2008.

Charles Byers In Pro Se
F.C.I. Schuylkill
P.O. Bos 759
Minersville, PA  17954